Edgar F. Hazleton, S.
This is a discovery proceeding brought by Beatrice Johnson who as executrix seeks to recover for the estate of her late husband, Edwin Johnson, certain certificates of stock admittedly in the possession of respondent, American Surety Company. Respondent at the request of decedent and members of his family who together with each other operated and were engaged in the construction business, had executed performance bonds as surety in the sum of $81,000,000. The construction companies became unable to meet their obligations, and respondent had to step in because of its performance bonds. It obtained for decedent a loan of $750,000 which it subsequently had to pay. To date it has had to pay the sum of $1,815,498.91 — how much more respondent shall have to pay is at this date unknown. However, the sum total, it appears, may well exceed the value of the securities. In essence, the respondent surety company asserts that the securities sought to be recovered in this proceeding were duly pledged with it by decedent as consideration for the continuation of respondent’s suretyship. The petitioner denies that respondent holds the security by virtue of any such transaction.
Four months after this discovery proceeding was begun, respondent instituted in the Supreme Court, New York County, an action to enforce its alleged lien upon these allegedly pledged securities and other securities of various companies of the decedent held by it. It now requests this court to stay the discovery proceeding until the Supreme Court action is tried. The respondent contends that it was compelled to take affirmative action in the Supreme Court so that the rights of all those who have or claim to have an interest in such stock held and alleged to be pledged with it may be fully determined. The reasons advanced by respondent are that judicial economy requires that all issues between the parties be adjudicated in one litigation rather than in several. It asks: ‘ ‘ Why under the circumstances should there be two litigations when one will suffice? ” and cites a score of cases in support of this commonly accepted rule.
This court unequivocally subscribes to the above rule but because of judicial economy plus common sense refuses to transfer from the Surrogate’s Court to the Supreme Court a *948 proceeding that has been properly begun in the Surrogate’s Court and which can be disposed of here without the long delay often encountered in the Supreme Court due to congested calendars. Such is one of the reasons for Surrogates’ Courts — the quick disposition of controversies concerning estates. On the papers before me, it does not appear probable that there will be any real litigation in the Supreme Court action, except for that centering about the stock of decedent and two brothers who have in effect agreed to be bound by any determination of this court in connection with decedent’s stock as it might affect stock of theirs held by respondent. Accordingly, the court does not feel that respondent will be imposed upon by a denial of its present request.
As to the request of respondent that in the event its application be denied that it be given time to conduct examinations before trial and otherwise prepare its defense, this court is disposed to grant such request and not try this discovery proceeding until the respondent has had sufficient time to prepare its defense.
The application of respondent for a stay is denied. Proceed accordingly on notice.